```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                            Plaintiff,                          DECISION AND ORDER

          -against-                                             21-CR-0399 (JMW)


ALLEN GOLDMEIER,

                            Defendant.
-----------------------------------------------------------X
```

**A P P E A R A N C E S:**

Megan Elizabeth Farrell, Esq.
United States Attorney's Office, EDNY
271 Cadman Plaza East
Brooklyn, NY 11201
*Attorney for the Government*

Edward M. Kratt, Esq.
350 Broadway
Suite 1202
New York, NY 10013
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

Before the Court is the application for an order, pursuant to 18 U.S.C. § 3583(e), for early termination of Defendant Allen Goldmeier's ("Defendant") term of probation. The application was submitted by his supervising U.S. Probation Officer ("USPO") Iva M. Sherrouse of the Middle District of Florida, and requests that Defendant's original term of 24 months be reduced to the 8 months he has thus far completed. The grounds? According to USPO Sherrouse, Defendant has not had any "technical violations or new criminal activity, and to date, he has

1

exceeded all goals of probation." (DE 28.)  In short, he has complied with the conditions of his probation thus far. The Government opposes any reduction or termination. (*Id.* at 2.)

## I. BACKGROUND

On September 8, 2021, Defendant pled guilty to a single-count Information that charged him, along with his brother and others, with hoarding of designated scarce materials in violation of 50 U.S.C. §§ 4512 and 4513.  Specifically, Defendant was charged with and pled to accumulating and hoarding certain personal protective equipment ("PPE"), including PPE face masks and shields, beyond the reasonable demands of business, personal or home consumption and reselling them at prices in excess of prevailing market prices, when those materials had been designated by the President of the United States as "scarce materials" during the COVID-19 pandemic.

During the time that PPE was a designated scarce material, Defendant through his company Millennium Products Group, purchased the PPE in large quantities from a source in Hong Kong at significantly reduced prices and then resold, through an individual acting as a broker, to the State of Oklahoma at significantly increased prices.  The violation of 50 U.S.C. §§ 4512 and 4513, carried, after adjustments, a Guideline range of 0-6 months imprisonment, as well as probation.

Following submissions of Defendant, the Government and U.S. Probation Department, on February 9, 2022, Defendant was sentenced by the undersigned (DE 19), with Judgment entered on February 11, 2022 (DE 20), and an amended Judgment entered on February 16, 2022 (DE 24).  Specifically, Defendant was sentenced to the following:

- Probation for a term of two (2) years, with 100 hours community service.

- Mandatory, Standard and Special Conditions of Supervision as outlined in the Judgment.

- Special Assessment Fees and a Fine as outlined in the Judgment.

- Restitution in the amount of $1,000,000 to the Oklahoma State Department of Health, joint and several with along his co-defendant.

No term of incarceration was imposed. As a condition of probation, Defendant was required to comply with the standard conditions of supervision (DE 20 at 3.)  In sum, in imposing the sentence, the Court considered at that time that such sentence was sufficient, but not greater than necessary to achieve the goals of sentencing.  *See* 18 U.S.C. § 3553(a).

The instant application, filed under seal (DE 28), notes full compliance with the conditions of probation, community service completion and that the fines and restitution have all been paid.  As such, a reduction in or termination of his remaining probation is requested.  For the reasons stated below, this request is denied.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3564(c), when a term of probation is imposed as the sentence for a misdemeanor like here, the Court may "terminate a term of probation previously ordered . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  In making this determination, the Court must consider the 3553(a) factors to the extent applicable.  *United States v. Rusin*, 105 F. Supp.3d 291, 292 (S.D.N.Y. 2015); *cf. United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997) (in considering an application for early termination of supervised release under section 3583(e)(1) following a sentence of imprisonment with supervised release the court must weigh the 3553(a) factors); *see also United States v. McKay*, 352 F. Supp.2d 359, 361 (E.D.N.Y. 2005) (same).  These factors, of course, were also weighed in the initial sentence.

Among the various 3553(a) factors to consider, the Court must take into account the nature and circumstances of the offense, coupled with Defendant's history and characteristics, as well as the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide the defendant with correctional treatment". 18U.S.C. § 3553.

Upon considering all the 3553(a) factors, which the Court did at the sentencing phase, the Court finds that Defendant has failed to present facts and circumstances that demonstrate that such action, namely, reducing the probation term from two years to eight months, is warranted. The conduct outlined by USPO, while laudable, amounts to compliance with his conditions of release. All of the activities and conduct, while commendable, are in fact expected of a person sentenced to probation and do not constitute exceptional behavior warranting a change in sentence. *See Rusin*, 105 F. Supp. 3d at 292 (noting that "[e]arly termination is not warranted where a defendant did nothing more than that which he was required to do by law"); *McKay*, 352 F. Supp.2d at 361 ("[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination"). Mere "faithful compliance" with the terms of probation are simply not enough to warrant termination or reduction. *See Rusin*, 105 F. Supp. 3d at 292 (quoting *United States v. Flores,* 99 cr. 1110, 2010 WL 45438 at *1 (S.D.N.Y. June 28, 2010)). Indeed, the question becomes whether a defendant has presented an "exceptional case" warranting the change. *Id.* If changed circumstances were identified that led to the conclusion that the previously imposed term of probation was too harsh or not sufficiently tailored to serve the punishment goals, then a reduction or termination might be warranted.

4

Here, no such exceptional (or even simply changed) circumstances were identified or presented here. *See id.* *Au fond,* Defendant is doing what he should be doing. In this regard, the Hon. Robert Sweet aptly observed, in a similar context denying termination of supervised release, that:

> Termination of [defendant's] supervised release is premature. While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.

*United States v. Medina,* 17 F.Supp.2d 245, 247 (S.D.N.Y.1998).

### III. CONCLUSION

Based upon the foregoing, the application to reduce the term of probation is hereby DENIED.

Dated: Central Islip, New York
October 6, 2022

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5